# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00503-CR

**Robert Allan Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TOM GREEN COUNTY
### NO. 16-03025, HONORABLE BEN NOLEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1] Following a bench trial, appellant Robert Allan Jones was convicted of the misdemeanor offense of assault-family violence and sentenced to 333 days' confinement in county jail.

The evidence presented at trial included the testimony of Denise Barajas, the complainant in the case. Barajas testified that on July 26, 2016, she and Jones got into an argument over "[s]ome accusations [Jones] was making against [Barajas] about cheating on him and hiding stuff from him." According to Barajas, "[t]he altercation escalated" and Jones eventually assaulted her. Barajas recounted, "He strangulated me, punched me, and put his thumb in my eye and almost gouged it out; and I nearly passed out from the strangulation." Barajas further testified that shortly thereafter, a neighbor called the sheriff's department to report the incident. Barajas acknowledged,

---

[1] 386 U.S. 738 (1967).

however, that when a deputy arrived in response, she "told him everything was fine, which it wasn't." Barajas explained that she "lie[d] about that" because she was "living in fear from [Jones]," and she believed that if she "called law enforcement, he would do harm to [her] mom."

Jones testified in his defense and acknowledged that he had argued with Barajas on the date in question. However, he denied assaulting her. Instead, Jones characterized Barajas as the aggressor during the altercation. According to Jones, he had "tried to walk out the door" during their argument, but Barajas "grabbed ahold of [him] physically," "shove[d]" him onto their bed, screamed, and "begged" him not to leave. Jones also claimed that Barajas had assaulted him in the past "on numerous occasions." On cross-examination, Jones testified that he would "concede [his] entire criminal history," which included an aggravated robbery and two aggravated assaults. However, Jones claimed that there was "[n]ot one incident toward women."

At the conclusion of trial, the trial court found Jones guilty of assault-family violence and assessed punishment as noted above. This appeal followed.

Jones's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2] Counsel has certified to the Court that he has provided a copy of the motion and brief to Jones, advised Jones of his right to

---

[2] *See* 386 U.S. at 744–45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

examine the appellate record and file a pro se response, and supplied Jones with a form motion for pro se access to the appellate record.[3]  No pro se brief or other written response has been filed.

We have reviewed the record and counsel's brief.  We agree with counsel that the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.


_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 23, 2018

Do Not Publish

---

[3]  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).